**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **WEB 2.0 TECHNOLOGIES, LLC,**<br>**Plaintiff,**<br>**v.**<br>**WORKZONE, LLC,**<br>**Defendant.** | **Civil Action No. ___________**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Web 2.0 Technologies, LLC ("Web 2.0 Technologies" or "Plaintiff") files this Complaint against Defendant Workzone, LLC ("Defendant" or "Workzone"), seeking damages and other relief for patent infringement, and alleges with knowledge to its own acts, and on information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff Web 2.0 Technologies, LLC ("Web 2.0 Technologies") is a Texas limited liability corporation with its principal place of business at 5900 Balcones Dr., Ste. 100, Austin, TX 78731-4298.

3. Plaintiff Web 2.0 Technologies is the owner by assignment of 100% interest in the Asserted Patents.

4. On information and belief, Defendant Workzone, LLC. ("Workzone") is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 16 Township Line Rd., Norriton, PA 19401. Workzone is registered with the State of Delaware and may be served with process through its registered agent, Incorp Services, Inc., 919 North Market Street, Suite 950, Wilmington, DE 19801.

## JURISDICTION AND VENUE

5. This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Defendant Workzone is subject to this Court's general personal jurisdiction at least because Workzone is a Delaware corporation.

8. Defendant Workzone is additionally subject to this Court's general and specific personal jurisdiction because Workzone has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Delaware Long Arm Statute, Del. Code. Ann. Tit. 3, § 3104. On information and belief, Defendant Workzone contracted with one or more Delaware residents in this District and one or both parties performed the contract at least in part in the State of Delaware and this District; Workzone committed the tort of patent infringement in the State of Delaware and this District; Workzone purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District; Workzone regularly conducts and solicits business within the State of Delaware and within this District; Plaintiff's causes of action arise directly from Workzone' business contacts and other activities in the State of Delaware and this District; and Workzone distributes, makes available, imports, sells and offers to sell products and services throughout the United States, including in this judicial District, and introduces infringing products and services that into the stream of

commerce knowing that they would be used and sold in this judicial district and elsewhere in the United States.

9. On information and belief, Defendant Workzone designs, develops, sells, offers to sell, and/or imports products, devices, systems, and/or components of systems through certain accused instrumentalities that either infringe or support the infringement of the patents asserted in this action.

10. On information and belief, Workzone sells and offers to sell products and services throughout the United States and in Delaware, including in this District, through the accused instrumentalities, through its website accessible in the United States, and in concert and partnership with third parties.

11. Furthermore, personal jurisdiction over Workzone in this action comports with due process. Workzone has conducted and regularly conducts business within the United States and this District. Workzone has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in the State of Delaware and this District. Workzone has sought protection and benefit from the laws of the State of Delaware by making available products and services, including websites and associated web pages, that infringe the Asserted Patents with the awareness and/or intent that they will be used (or visited) by consumers in this District. Having purposefully availed itself of the privilege of conducting business within this District, Workzone should reasonably and fairly anticipate being brought into court here.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b). On information and belief, Workzone is a Delaware corporation. On information and belief, Workzone's acts of infringement have taken place within this District.

13. Additionally, Workzone—directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—ships, distributes, offers for sale, and/or sells its products and services in the United States and this District. Workzone has purposefully and voluntarily placed one or more of its products into the stream of commerce through the accused instrumentalities that infringe the patents asserted in this action with the awareness and/or intent that they will be purchased by consumers in this District. Workzone knowingly and purposefully ships infringing products into, and within, this District. These infringing products have been, and continue to be, purchased by consumers and businesses in this District.

## THE ASSERTED PATENTS

14. On March 13, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6.845,448 ("the '448 Patent"), entitled "Online Repository for Personal Information." A copy of the '448 Patent is attached hereto as Exhibit 1.

15. Plaintiff owns all substantial right, title, and interest in the '448 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

16. On February 14, 2012, the USPTO duly and legally issued U.S. Patent No. 8,117,644 ("the '644 Patent"), entitled "Method and System for Online Document Collaboration." A copy of the '644 Patent is attached hereto as Exhibit 2.

17. Plaintiff owns all substantial right, title, and interest in the '644 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 6,845,448

18. Plaintiff incorporates and realleges the preceding paragraphs as if fully set forth herein.

19. The ’448 Patent is directed to a method and system for gathering, storing personal information on a server computer and releasing such information to authorized requesters, as described and claimed in the ’448 Patent.

20. Defendant has and continues to directly and jointly (e.g., with its users and customers) infringe at least Claim 1 of the ’448 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, applications to provide a method for automatically sharing portions of personal information with authorized iusers members via products offered by Workzone, such as Project Management and other workflow applications, on its website [www.workzone.com](http://www.workzone.com) (including all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendant (hereinafter, the “’448 Accused Instrumentalities”) as shown below, for example:



*See e.g.,* https://workzone.com (last visited Feb. 2, 2023)(annotated)(Workzone products offered for sale, such as Project Management Software).




*See e.g.,* https://workzone.com (last visited Feb. 2, 2023).

21. By way of example, the '448 Accused Instrumentalities provide a method for automatically disbursing a first party's personal information to a second party upon request and authorized by the first party by transmitting said first party's personal information from a server computer operated by a service provider, said server computer coupled to a database. For example, the '448 Accused Instrumentalities allow a first party using the '448 Instrumentalities to include any information, including personal information, on the Workzone Project Management app, which can then be shared with or transmitted to the authorized second party if the second party is authorized with sufficient permissions in a role in a Workzone project. This is shown below, for example:




*See e.g.*, https://workzone.com/why (last visited Feb. 2, 2023)(annotated)(Workzone products allow showing of personal information related to projects that team members work on).




*See, e.g.*, https://www.workzone.com/product-tour/secure-file-sharing/ (last visited Feb. 3, 2023)(annotated)(illustrating that Workzone allows access levels for team members to limit to appropriate information).

> **What is Secure File Sharing?**
> Workzone gives you the ability to securely share documents with varying levels of access to clients, employees, and partners.
>
> **Why is Secure File Sharing important?**
> Teams need to be able to control what their users are seeing because clients do not need to see how the sausage is made!
>
> **Who uses Secure File Sharing?**
> Admins and managers who interact with multiple levels of clients and users find the file-sharing features within Workzone versatile and secure. By setting folder or document permissions so that each individual sees only the appropriate items, colleagues, clients, and vendors can now access files securely.

*See, e.g.*, https://www.workzone.com/product-tour/secure-file-sharing/ (last visited Feb. 3, 2023)(annotated)(illustrating that Workzone allows access levels for team members to limit to appropriate information).

22. In addition, the ’448 Accused Instrumentalities allow an administrator to set up “access levels” (e.g., Clients, Employees, Partners) with permissions that allow or prevents team members (second users) to access personal information about other parties within project management and workflow applications, as shown below:




*See e.g.*, https://workzone.com/why (last visited Feb. 2, 2023)(annotated)(Workzone products allow showing of personal information related to projects that team members work on).

23. The ‘448 Accused Instrumentalities provide that once permitted, the second party can access the first party’s personal information on Workzone’s server computer, which is coupled to a database, automatically, as shown below:




*See e.g.*, https://workzone.com/why (last visited Feb. 2, 2023)(annotated)(Workzone products allow showing of personal information related to projects that team members work on).

24. If the requesting second party does not have an access level to allow viewing certain personal information related to a project offered by the ‘448 Accused Instrumentalities – having appropriate permissions – the requesting second party’s request for such information is rejected.

Who uses Secure File Sharing?

Admins and managers who interact with multiple levels of clients and users find the file-sharing features within Workzone versatile and secure. By setting folder or document permissions so that each individual sees only the appropriate items, colleagues, clients, and vendors can now access files securely.

*See, e.g.*, https://www.workzone.com/product-tour/secure-file-sharing/ (last visited Feb. 3, 2023)(annotated)(illustrating that Workzone prevents users from accessing personal information when they do not have appropriate permissions).

25. Discovery is expected to uncover the full extent of Defendant's infringement of the '448 Patent beyond the '448 Accused Instrumentalities already identified through public information.

26. Defendant has had actual knowledge of the '448 Patent since on or about June 15, 2021, the date on which Defendant received notice from Plaintiffs that such activities infringed the '448 Patent.

27. Defendant has directly and jointly infringed the '448 Patent and is thus liable for direct and joint infringement of the '448 Patent pursuant to 35 U.S.C. § 271.

28. Plaintiff has suffered, and continue to suffer, damages as a result of Defendant's infringement of the '448 Patent.

29. Defendant has continued to infringe the '448 Patent since at least June 15, 2021 (the date on which Defendant received Plaintiff's June 15, 2021, notice letter) despite being on notice of the '448 Patent and its infringement. Defendant has therefore infringed the '448 Patent knowingly, willfully, deliberately, and in disregard of Plaintiff's patent rights since at least June 15, 2021 (the date on which Defendant received Plaintiff's June 15, 2021, notice letter), at least by infringing with actual knowledge of its direct infringement or while remaining willfully blind to the fact of its direct infringement. As a result of at least this conduct, Plaintiff is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

30. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case. Plaintiff shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '448 Accused Instrumentalities infringe the '448 Patent. Plaintiff intends only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that

they should not be construed as Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

**COUNT II - INFRINGEMENT OF U.S. PATENT NO. 8,117,644**

31. Plaintiff incorporates and realleges the preceding paragraphs as if fully set forth herein.

32. The '644 Patent is directed to method and system for online document collaboration, as described and claimed in the '644 Patent.

33. Defendant has and continues to directly and jointly infringe at least Claim 1 of the '644 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, making, using, selling, offering to sell, and/or importing in or into the United States, without authority, applications that facilitate secure collaboration on editing, viewing and sharing documents online with multiple parties, including, without limitation, collaboration products such as such as Project Management and other Workzone products and content offered for sale and use via https://www.workzone.com (including all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendant (hereinafter, the "'644 Accused Instrumentalities"), as shown below:




*See e.g.,* https://workzone.com (last visited Feb. 2, 2023)(annotated)(Workzone products offered for sale, such as Project Management Software allowing collaboration among team members to modify shared documents).




*See e.g.,* https://workzone.com (last visited Feb. 2, 2023).




*See e.g.,* https://workzone.com/why (last visited Feb. 2, 2023)(annotated)(Workzone products allow collaboration on documents and approval/version control).

34. By way of example, the '644 Accused Instrumentalities provide an online document collaboration method between a Workzone team member (e.g., Client, Employee, Partner) and another Workzone member, who have been assigned different roles and permissions to access and modify shared resources and documents, as shown below:




*See e.g.,* https://www.workzone.com/product-tour/secure-file-sharing/ (last visited Feb. 2, 2023)(annotated)(Workzone products allow collaboration and approval of shared documents for those with appropriate permissions).

35. More specifically, the ’644 Accused Instrumentalities provide a platform of online applications, such as a Project Management app, that allow a user to create documents stored on a server; a first user (administrator) may restrict access to the documents or objects so that a second user (Client, Employee, Partner) may not have access to certain functionality and personal information; and allow a second user, who has second user permissions to access and modify documents in the Workzone project, when requesting access to these documents, as shown below:




*See e.g.*, https://www.workzone.com/product-tour/secure-file-sharing/ (last visited Feb. 2, 2023)(annotated)(Workzone products allow collaboration and approval of shared documents for those with appropriate permissions).

36. The ‘644 Accused Instrumentalities store identifying information of the one or more users who approved or disapproved the modifications to the document, by providing an approval process that shows acceptance or denial of edits to a document, as shown below:




*See, e.g.*, https://www.workzone.com/product-tour/file-versioning/ (last visited Feb. 3, 2023)(annotated)(showing approvals for revised documents).




*See, e.g.*, https://www.workzone.com/product-tour/file-versioning/ (last visited Feb. 3, 2023)(annotated)(showing version control for approvals/disapprovals).

37. Defendant has had actual knowledge of the '644 Patent since at least June 15, 2021 (the date on which Defendant received Plaintiff's June 15, 2021, notice letter) that such activities infringed the '644 Patent.

38. Defendant has directly and jointly infringed the '644 Patent and is thus liable for direct and joint infringement of the '644 Patent pursuant to 35 U.S.C. § 271.

39. Plaintiff has suffered, and continues to suffer, damages as a result of Defendant's infringement of the '644 Patent.

40. Defendant has continued to infringe the ’644 Patent since at least June 15, 2021 (the date on which Defendant received Plaintiff’s June 15, 2021, notice letter), despite being on notice of the ’644 Patent and its infringement. Defendant has therefore infringed the ’644 Patent knowingly, willfully, deliberately, and in disregard of Plaintiff’s patent rights since at least June 15, 2021 (the date on which Defendant received Plaintiff’s June 15, 2021, notice letter), at least by infringing with actual knowledge of its direct infringement or while remaining willfully blind to the fact of its direct infringement. As a result of at least this conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys’ fees and costs under 35 U.S.C. § 285. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case. Plaintiff shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the ’644 Accused Instrumentalities infringe the ’644 Patent. Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiff’s preliminary or final infringement contentions or preliminary or final claim construction positions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

a. A judgment that Defendant has directly and jointly infringed, and continues to infringe, one or more claims of each of the Asserted Patents;

b. A judgment awarding Plaintiff all damages adequate to compensate for Defendant’s infringement, and in no event less than a reasonable royalty for Defendant’s acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

c. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees; and

d. A judgment awarding Plaintiff such other relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of this action.

Dated: March 27, 2023

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin
tdevlin@devlinlawfirm.com
1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorney for Plaintiff,*
*Web 2.0 Technologies, LLC.*